IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHRISTIAN ADRIAN CHICOA,** | |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| **CASAS LLC.,** | **CIVIL ACTION FILE NO.** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW Christian Adrian Chicoa Plaintiff in this action, and files this Complaint for Damages against Defendant Casas LLC., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Christian Adrian Chicoa is a citizen of Mexico and is subject to the jurisdiction of this court.

2.

Defendant Casas LLC ("Casas") is a domestic corporation, existing under the laws of the State of Georgia with its principal place of business in the State of Georgia, is authorized to transact business in the State of Georgia, and upon

information and belief, Casas may be served by delivering a copy of the summons and complaint on Leticia Hernandez at 310 Veterans Memorial Boulevard, Cumming, Georgia 30040 and is subject to the jurisdiction of this court.

3.

Venue in the above-styled civil action is proper in this County and Court.

4.

Jurisdiction is proper as to this Defendant.

5.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## FACTS

7.

On or about April 3, 2017, Christian Adrian Chicoa was an invitee on the strip mall premises of Casas LLC located at 322 Veterans Memorial Boulevard, Cumming, Georgia ("Casas").

8.

As Christian Adrian Chicoa was exercising reasonable care as an invitee of Defendant Casas sitting on a bench in front of the laundromat located in the strip mall, a vehicle being operated by Gabino Riveros-Gerardo drove into the bench and through the laundromat storefront owned and operated by Casas and hit Christian Chicoa.  Casas did not have any bollards or other barriers to prevent this foreseeable storefront crash.

9.

Defendant did not warn Christian Adrian Chicoa of the dangers he faced by sitting on the bench located on Casas property and placed there by Casas employees.

10.

As a result of the incident on April 3, 2017, Christian Adrian Chicoa suffered serious physical, mental, and emotional injuries, including severe pain and suffering as a result of this incident.

**OWNERSHIP AND OPERATION OF THE STRIP MALL**

11.

Plaintiff realleges and incorporate the foregoing paragraphs as if they were fully restated verbatim herein.

12.

On and around April 3, 2017 Defendant CASAS owned and operated the Strip Mall, and Defendant CASAS owned the laundromat located in the strip mall.

13.

Gabino Riveros-Gerardo was an invitee at the Strip Mall owned and operated by Defendant CASAS.

14.

Defendant CASAS had a duty to inspect the Strip Mall and laundromat to identify hazards, including reasonable and safe protections against foreseeable dangers like storefront crashes.

15.

Before Christian Chicoa was injured, Defendant CASAS knew, or in the exercise of reasonable care should have known, that a storefront crash was a reasonably foreseeable hazard.

16.

Before Christian Chicoa was injured, Defendant CASAS knew, or should have known, that laundromat and the Strip Mall had no protection from storefront crashes, which created a hazard of a reasonably foreseeable danger.

17.

Prior to this April 3, 2017 incident, Defendant CASAS failed to identify and correct the reasonably foreseeable hazards at the Strip Mall and laundromat.

18.

As a direct and proximate result of Defendant's negligent acts and omissions, Christian Chicoa suffered serious physical, mental, and emotional injuries, including severe pain, suffering and fear of imminent death, and ultimately, he was killed and lost the value of his life as a result of this incident.

## COUNT I—NEGLIGENCE AGAINST DEFENDANT CASAS

19.

Plaintiff realleges and incorporate the foregoing paragraphs as if they were fully restated verbatim herein.

20.

On April 3, 2017 Defendant CASAS was the owner and operator of the Strip Mall at 322 Veterans Memorial Boulevard Cumming, Georgia.

21.

Defendant CASAS had a duty to exercise ordinary care to keep the strip mall and laundromat and its approaches reasonably safe from foreseeable dangers.

22.

Defendant CASAS breached their duty to exercise ordinary care to keep the laundromat, the Strip Mall, and the approaches safe by creating and allowing to exist unsafe conditions, including the failure to install any bollards or other barriers to prevent a foreseeable storefront crash.

23.

Prior to the April 3, 2017 incident, Defendant CASAS had actual or constructive knowledge of the dangers of storefront crashes and the need to exercise reasonable care to prevent such incidents.  Despite this actual or constructive knowledge, Defendant failed to take the proper corrective action to reduce or eliminate the hazards.

24.

Prior to April 3, 2017, Christian Chicoa was unaware of the dangerous conditions and hazards at the Strip Mall and laundromat.

25.

As a direct and proximate result of the negligence of Defendant, Christian Chicoa suffered serious physical, mental, and emotional injuries, including severe pain, suffering and fear of imminent death, as a result of this incident.

## COUNT II—NUISANCE AGAINST DEFENDANT CASAS

26.

Plaintiff realleges and incorporate the foregoing paragraphs as if they were fully restated verbatim herein.

27.

Defendant CASAS owned, operated, maintained, and/or managed the Strip Mall, laundromat and the bench in a manner that created a nuisance.

28.

The conduct of Defendant CASAS in creating the dangerous situation at the Strip Mall and laundromat exceeded mere negligence.  In addition, the acts and omissions of Defendant CASAS in permitting hazards to exist for an extended period of time, failing to take reasonable steps to guard against these foreseeable hazards, and failing to warn Christian Chicoa and other invitees about those hazards exceeds mere negligence.

29.

The foreseeable hazards that existed at the Strip Mall, laundromat, and bench were present for a considerable period of time and were continuously present so as to make them a nuisance.

30.

Defendant CASAS failed to act within a reasonable time to reduce, eliminate, or warn about these hazards after they knew, or should have known, that these hazards existed at the Strip Mall, laundromat and bench.

31.

As a direct and proximate result of the nuisance that this Defendant created and maintained, Christian Chicoa suffered serious physical, mental, and emotional injuries, including severe pain, suffering and fear of imminent death, as a result of this incident.  As a result, Plaintiff is entitled to an award of special and general damages in an amount to be determined by a jury of Plaintiff's peers against this Defendant.

## **COUNT III—PUNITIVE DAMAGES**

32.

Plaintiff realleges and incorporate the foregoing paragraphs as if they were fully restated verbatim herein.

33.

Defendant CASAS' conduct in failing to protect or warn the public from foreseeable hazards known to them exhibits an entire lack of care and a conscious disregard for the safety of persons, including but not limited to Christian Chicoa.

34.

As a direct and proximate result of this wrongful and punitive conduct, Plaintiff is entitled to judgment against Defendant CASAS for exemplary damages sufficient to deter similar conduct in the future and to punish this Defendant for its wrongful acts in an amount to be determined by the enlightened conscience of the finder of fact.

### COUNT IV – DAMAGES

35.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

36.

Defendant acted in a manner that directly and proximately caused the collision and Plaintiff Christian Chicoa's injuries.

37.

As a direct and proximate result of the negligence of the Defendant, Plaintiff Christian Chicoa was physically injured and has suffered and will continue to suffer pain, disability, loss of enjoyment of life, anxiety, and related damages.

38.

Also, as a direct and proximate result of the negligence of the Defendant,

Plaintiff Christian Chicoa has and will continue to incur economic losses, including, medical expenses in excess of $200,000.00 and other incidental expenses.

39.

Plaintiff Christian Chicoa is entitled to recover all past and future economic damages, including without limitation all medical expenses and lost wages; as well as all past and future non-economic damages, including without limitation, damages for disability, loss of ability to labor, loss of enjoyment of life and physical and emotional pain and suffering.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

(a)   A trial by jury;

(b)   For Summons and Complaint to issue against Defendant;

(c)   For judgment against Defendant to compensate Plaintiff for him past and future economic and non-economic damages;

(d)   For judgment against Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

(e)   Court costs, discretionary costs, and prejudgment interest; and

(f)   For all such further and general relief which this Court deems just and proper.

This 15th day of February 2019.

        **Respectfully Submitted,**

        **FRIED ROGERS GOLDBERG LLC**

        By: */s/ Eric J.D. Rogers*
        **MICHAEL L. GOLDBERG**
        Georgia Bar No. 299472
        **ERIC J.D. ROGERS**
        Georgia Bar No. 100081

3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1800
Email: michael@frg-law.com
Email: eric@frg-law.com